**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3021-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERRILL A. CHANDLER,
a/k/a TERRI A. CHANDLER
and TERRILL CHANDLER,

    Defendant-Appellant.

_____

Submitted May 27, 2026 – Decided June 30, 2026

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-07-1724.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Felix R. Orraca, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Terrill A. Chandler appeals from the February 7, 2025 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On April 3, 2018, Dominique Vivett was shot to death at a Lindenwold apartment complex. A handgun fell out of Vivett's pocket while he was transported to the trauma center by ambulance. Numerous bags of suspected controlled dangerous substances (CDS) and United States currency were recovered from Vivett's person before he was declared dead.

During an extensive investigation, four witnesses who were present at the scene of the shooting gave statements to police. One of those witnesses later identified defendant as the shooter.

A Camden County grand jury charged defendant with: (1) first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); (2) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); (3) second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); and (4) second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1) (count four).

On April 15, 2019, after the court granted the State's motion to amend count one of the indictment, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). At the plea hearing, defendant answered "yes" to the court's question "[a]re you fully satisfied with the legal advice and services your attorney has provided you?" Defendant admitted he shot Vivett and his actions were reckless under circumstances manifesting an extreme indifference to the value of human life. Defendant did not claim he acted in self-defense.

At the June 7, 2019 sentencing hearing, after a discussion of discovery indicating Vivett was armed at the time of the killing, the court engaged in a discussion with defendant about self-defense. Defendant acknowledged he discussed a potential claim of self-defense with his counsel, and understood the defense could lead to his exoneration. He stated he decided to plead guilty even though he could claim self-defense. The court sentenced defendant to a sixteen-year term of imprisonment, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, followed by a five-year period of parole supervision.[1] Pursuant to the terms of

---

[1] The court also imposed a five-year term of imprisonment on an unrelated CDS conviction to which defendant pleaded guilty and several terms of imprisonment

the plea agreement, the court dismissed the remaining counts of the indictment on the State's motion.

On October 31, 2021, defendant moved to correct an illegal sentence. The court denied that motion on April 29, 2022.

On March 18, 2024, defendant filed a petition for PCR. He alleged plea counsel was ineffective because he conducted an inadequate investigation. Specifically, defendant argued his counsel failed to interview and take statements from four witnesses who he alleged "would have clarified the defendant's contentions that he acted in self[-]defense." Defendant did not submit affidavits or certifications from the witnesses, two of whom were deceased, detailing what they would have said had they been interviewed before he pleaded guilty. In addition, defendant argued plea counsel failed to investigate Vivett's background, but did not elaborate on that allegation. Defendant argued that had his counsel compiled a "stronger position for self-defense," he would have been able to negotiate a more lenient plea agreement.

On February 7, 2025, the PCR court issued a written decision denying the petition. The court found defendant failed to establish a prima facie showing of

---

on violations of probation to which defendant pleaded guilty. The court imposed all sentences concurrently with the sentence for aggravated manslaughter.

A-3021-24

ineffective assistance of counsel and an evidentiary hearing was not warranted. The court found defendant's petition was based on "bald assertions" "without supporting evidence" the witnesses would have provided information bolstering a claim of self-defense. The court noted the only time self-defense was raised was at the sentencing hearing, during which defendant acknowledged he discussed the defense with counsel and decided to enter a guilty plea. The court found defendant produced no evidence he would not have pled guilty, or received a more lenient sentence, had plea counsel interviewed the witnesses. The court did not address defendant's argument regarding counsel's failure to investigate Vivett's background.

This appeal followed. Defendant raises the following argument:

> THE COURT ERRED IN DENYING THE DEFENDANT AN EVIDENTIARY HEARING AS THE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE COUNSEL BASED ON [PLEA] COUNSEL'S FAILURE TO CONDUCT AN INVESTIGATION IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS (U.S. CONST. AMEND. VI; N.J. CONST. ART. 1, § 6).

II.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant

is entitled to PCR if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights." Ibid. "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. Mitchell, 126 N.J. at 579.

The Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant must first show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

6

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. To establish the prejudice prong in the context of a guilty plea, a defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision on whether to hold a PCR evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Where a PCR court does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the trial court from the record and the court's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

We agree with the PCR court's conclusion defendant did not establish the second prong of the Strickland test regarding his allegation his trial counsel

failed to interview witnesses. "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant produced no evidence supporting his claim that interviews of the witnesses would have bolstered a self-defense claim or resulted in a more favorable plea agreement. Nor did defendant provide evidence an investigation into Vivett's background would have revealed information that could have materially influenced his decision to waive the self-defense claim or accept the plea agreement.

We are not persuaded by defendant's argument the statements of the witnesses recounted in police reports are sufficient to establish a prima facie claim of ineffective assistance warranting an evidentiary hearing. The police reports are not substitutes for affidavits or certifications. In addition, according to the reports, the witnesses admitted they were present at the shooting, but gave no further information. One witness subsequently identified defendant as the shooter. Nothing in the reports suggests defendant acted in self-defense.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-3021-24